UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| ROBERT LUMA, | : |
| Petitioner, | : Civil Action No. 14-5638 (CCC) |
| v. | : **MEMORANDUM AND ORDER** |
| STATE OF NEW JERSEY, | : |
| Respondent. | : |

This matter comes before the Court upon Robert Luma's ("Petitioner") application to proceed *in forma pauperis* and his petition for a writ of habeas corpus (the "Petition"). Petitioner is a prisoner confined at East Jersey State Prison seeking to bring a *pro se* habeas petition pursuant to 28 U.S.C. § 2254. For the reasons set forth herein, Petitioner's case shall be terminated.

With respect to Petitioner's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), Local Civil Rule 81.2 prohibits this Court from granting *in forma pauperis* status to any petitioner whose prison account exceeds $200. In support of his application to proceed *in forma pauperis*, Petitioner has submitted a statement of his institutional account and certification showing that his account balance exceeded $200 during the time period to be examined. Thus, Petitioner's application is denied.

With respect to the Petition, Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

1

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions.

Moreover, under 28 U.S.C. § 2242, a petition for a writ of habeas corpus must allege "the name of the person who has custody over [the petitioner]." *See also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody over the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Wales v. Whitney*, 114 U.S. 564, 574 (1885). *See also Rumsfield v. Padilla*, 542 U.S. 426, 434-436 (2004) ("In accord with the statutory language and *Wales'* immediate custodian rule, [...] the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.") (citations omitted). Petitioner has failed to name the warden of the facility at which Petitioner is confined as a respondent to the Petition.

This Court makes no finding as to the timeliness of the Petition as filed.

**THEREFORE**, it is on  10  this day of  October , 2014;

**ORDERED** that Petitioner's application to proceed *in forma pauperis* is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall administratively terminate this case, without filing the complaint or assessing a filing fee; and it is further

**ORDERED** that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705

2

F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified): DNJ-Habeas-008(Rev.01-2014); and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Memorandum and Order; and it is further

**ORDERED** that Petitioner's writing to the Court wishing to reopen this case shall include a complete, signed habeas petition on the appropriate form; and it is further

**ORDERED** that upon receipt of (1) a writing from Petitioner stating that he wishes to reopen this case, (2) a complete, signed petition, naming a proper respondent and (3) the $5 filing fee, the Clerk of the Court will be directed to reopen this case; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

CLAIRE C. CECCHI
**United States District Judge**